UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHARLES TOUCHET | CIVIL ACTION |
| VERSUS | NO. 24-1020 |
| UNITED SPECIALTY INSURANCE COMPANY, ET AL. | SECTION "R" (2) |

### ORDER AND REASONS

Before the Court is an unopposed motion from plaintiff Charles Touchet to modify the scheduling order.[1]  For the following reasons, the Court grants the motion.

Rule 16(b) of the Federal Rules of Civil Procedure provides that "[a] scheduling order may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."  *S&W Enters., L.L.C. v. SouthTrust Bank, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (cleaned up).  Whether to grant or deny a continuance is within the sound discretion of the trial court.  *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996).  In deciding whether to grant a continuance, the Court's "judgment range is

---

[1]  R. Doc. 37.

1

exceedingly wide, for . . . [it] must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (quoting *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549-50 (5th Cir. 2000) (cleaned up)).

The Court grants the motion to modify the scheduling order. Here, the plaintiff requests an extension only of the deadline for expert reports and *Daubert* motions. Plaintiff makes such a request because, despite plaintiff's diligence, plaintiff recently learned through depositions of the defendant that the defendant has not provided all the discovery materials that were requested in written discovery and available to defendant. Plaintiff avers he needs the materials to be able to craft a fulsome expert report. The Court finds that this suffices as good cause.

For the foregoing reasons, the Court **GRANTS** the motion to modify the scheduling order. All deadlines that have passed are not reset.

Plaintiff's expert reports shall be delivered to counsel for defendant no later than **December 9, 2025.** Defendant's expert reports shall be delivered to counsel for plaintiff no later than **December 29, 2025.**

Motions challenging the qualifications of expert witnesses, and/or the reliability or relevance of expert testimony (*Daubert* motions) shall be filed

no later than **January 5, 2026.** Any reply memoranda shall be filed no later than **January 13, 2026,** at which time the motion will be deemed submitted.

Depositions for trial use shall be taken and all other discovery shall be completed no later than **December 29, 2025.**

All other deadlines in this Court's April 15, 2025 scheduling order remain unchanged.

New Orleans, Louisiana, this 14th day of November, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

3