UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| CHARLES TOUCHET | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. 24-1020 |
| UNITED SPECIALTY INSURANCE COMPANY, ET AL. | * | SECTION "S" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiff Charles Touchet's Motion to Compel the Deposition of Defendant Dorgelys Manzano Borrell and Requested Documents Under Rule 30(b)(6) [sic]. ECF No. 36. Defendants Borrell and Alive Free Transportation, LLC timely filed an Opposition Memorandum. ECF No. 38. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion to Compel the Deposition of Defendant Dorgelys Mazano Borrell is DENIED WITHOUT PREJUDICE and Motion to Compel Requested Documents Under Rule 30(b)([2]) is DENIED AS MOOT.

**I.    BACKGROUND**

In this car accident case, Plaintiff Charles Touchet alleges that Defendant Dorgelys Mazano Borrell, while acting in the course and scope of employment with Defendant Alive Free Transportation, LLC's ("AFT"), improperly slowed his truck down in the right lane to "check his load," leaving Plaintiff Touchet unable to avoid a collision in which he sustained personal injuries. ECF No. 1 ¶¶ V-VII, X. Plaintiff asserts negligence claims against Borrell and claims of vicarious liability and independent negligence against AFT. *Id.* ¶¶ VIII-IX. The April 15, 2025, Scheduling Order, as modified, sets a December 29, 2025, discovery deadline. ECF No. 25; No. 39.

On August 17, 2025, Plaintiff served a Rule 30(b)(6) Deposition Notice on AFT. ECF No. 36-4 at 1-2. The notice listed no date, time, or place. Plaintiff did, however, attach an exhibit describing the deposition topics and a list of 55 items requested for production at the deposition. *Id.* at 3-9. The deposition occurred on October 22, 2025. ECF No. 36-3 at 1; No. 38 at 2.

On November 3, 2025, Plaintiff filed a defective motion to compel. ECF No. 35. On November 4, 2025, Plaintiff filed this motion, asking the Court to compel the deposition of Borrell and produce certain categories of documents. ECF No. 36-3 at 1-2. As to the first request, Plaintiff asserts the parties agreed to hold both AFT and Borrell's deposition on October 22, 2025, but the latter did not occur and Defendants' counsel has been unable to contact him. *Id.* at 2. As to the second request, Plaintiff asserts that there are 8 categories of documents outstanding and that AFT's representative testified she could provide the documents. *Id.* These are:

> 1) all correspondence to/from Alive Free and its insurance company with regards to the claim
> 2) any documents electronic or otherwise in Alive Free's possession including manuals, safety manuals, records of safety meetings, training materials, etc
> 3) copy of the remainder of the employment file of the driver including social security card
> 4) Motive records which document the speed of the vehicle to coincide with the logs that were previously produced
> 5) text messages from the driver on the date of the crash
> 6) records documenting length of employment of the driver including bills of lading, etc
> 7) email correspondence regarding the driver and Alive Free and livefreetrans@gmail.com
> 8) records of calls/texts from driver to 832-468-8440

*Id.* at 1-2. Plaintiff's attached Rule 37(a)(1) certificate states he conferred in good faith with opposing counsel to obtain the deposition and documents, but neither Borrell nor the outstanding documents have been produced. ECF No. 36-2.

In their Opposition, Defendants argue Plaintiff's certificate is defective as it does not comply with this Court's requirements for Rule 37(a)(1) certification and that, while there was an

2

informal post-deposition discussion between counsel about the production of the documents, that discussion does not constitute a Rule 37 conference because it was not scheduled and counsel did not discuss when the documents would be produced. ECF No. 38 at 2-4.[1] Defendants note they produced documents before Plaintiff properly filed his motion; on November 3, 2025, Defendants produced Borrell's social security card (partially Category 3) and confirmed that the AFT designee reported there are no documents responsive to Category 4. *Id.* at 4; *see* ECF No. 38-1. Defendants also note they produced additional documents on November 10 and 11, 2025: emails responsive to Category 1 and Second Supplemental Responses to Requests for Production addressing the outstanding requests. ECF No. 38-3 at 4-5; No. 38-2; No. 38-4. As to the deposition of Borrell, Defendants assert that Plaintiff did not issue a notice of deposition before filing, but the deposition has now been noticed. ECF No. 38 at 5; No. 38-3.

## II. APPLICABLE LAW

### A. Oral Deposition Notices Accompanied by Requests for Production

Rule 30 of the Federal Rules of Civil Procedure authorizes a party to depose any person, including a party, by oral questions generally without leave of court. FED. R. CIV. P. 30(a)(1). The party must give reasonable written notice to every other party, stating the time and place of the deposition, the method of recording it, and, if known, the deponent's name and address. *Id.* at 30(b)(1), (3)(A). A party may name as the deponent an organization and, in doing so, must describe with reasonably particularity the matters for examination. *Id.* at 30(b)(6). That named organization must then designate one or more persons who will testify on its behalf, and it may set out the matters on which each designee will testify. *Id.* A designee must testify about information known

---

[1] *See Motions & Oral Argument*, *The Honorable Donna Phillips Currault*, UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA, http://www.laed.uscourts.gov/judges-information/judge/honorable-donna-phillips-currault (last visited November 17, 2025).

or reasonably available. *Id.*

A deposition notice directed to a party deponent may be accompanied by a request to produce documents and tangible things within the latter's possession, custody, or control at the deposition. *Id.* at 30(b)(2); FED. R. CIV. P. 34(a)(1). That request must describe with reasonable particularity each item or category of items to be inspected *and* specify a reasonable time, place, and manner for the inspection and for performing related acts. FED. R. CIV. P. 34(b)(1)(A)-(B). Rule 34 allots 30 days from the date of service for the respondent to respond to a request for production, so a notice to a party deponent accompanied with requests for production must be served at least 30 days before the deposition. *See id.* at 34(b)(2).[2]

### B. <u>Motions to Compel</u>

Rule 37 explicitly authorizes a party to move for an order compelling disclosure or discovery and lists the specific motions the party may file. FED. R. CIV. P. 37(a)(1), (3)(A)-(B). It does not, "by its terms, address a motion to compel a party to appear for a deposition."[3] "The only recourse expressly provided under the Federal Rules for a party seeking another party's deposition is to properly notice the deposition and file a motion under Rule 37(d)(1)(A) if and when the deponent fails to appear."[4] Accordingly, "[a]lthough the Federal Rules of Civil Procedure have no explicit requirement that a notice of deposition be served before a party files a motion to compel a deposition, courts routinely impose such a requirement."[5] And "[o]ther courts have

---

[2] *See also Thomas v. WSFM, L.L.C.*, No. 07-1336, 2008 WL 821948, at *1 (E.D. La. Mar. 26, 2008) (noting proper procedure to obtain documents from a party in conjunction with a deposition is to serve a Rule 34 request, which requires 30 days to respond); *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 479 (6th Cir. 2010).
[3] *Keplar v. Google, LLC*, 346 F.R.D. 41, 47 (N.D. Tex. 2024) (citing FED. R. CIV. P. 37(a)).
[4] *Id.* (citation).
[5] *Robinson*, No. 14-4187, 2016 WL 1273900, at *2 (quoting *Exec. Mgmt. Servs., Inc. v. Fifth Third Bank*, No. 13-582, 2014 WL 5529895, at *13 (S.D. Ind. Nov. 3, 2014) (collecting cases)).

4

denied motions to compel depositions absent a proper notice of deposition" under Rule 30(b)(1).[6]

In connection with a motion to compel, Rule 37(a)(1) requires: "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." To ensure compliance with this Rule, this Court expressly requires the parties to provide detailed information in the required Rule 37 certificate, specifying:

>  (1) how the required conference was scheduled,
>  (2) who participated in the conference,
>  (3) the date and time of the conference,
>  (4) whether the conference was conducted by phone or in person,
>  (5) the duration of the conference,
>  (6) the specific topics that were addressed at the conference, and
>  (7) whether any issues were resolved, and, if so, the terms of the resolution.[7]

These instructions further direct that the "meet and confer [must be] either in person or by telephone, not simply via email exchange."[8] The failure to engage in a fulsome meet and confer prior to filing a discovery motion constitutes sufficient reason in itself to deny the motion.[9] Indeed, courts routinely deny discovery motions for failure to comply with Rule 37(a)(1).[10] Motions to compel depositions are subject to Rule 37(a)(1)'s certification requirement.[11]

---

[6] *Id.* (quoting *Dang ex rel. Dang v. Eslinger*, No. 14-37, 2014 WL 3611324, at *1 (M.D. Fla. July 22, 2014) (collecting cases)); *see also McClure v. Johnson Specialty Tools, LLC*, No. 24-140, 2025 WL 2881426, at *1 (M.D. La. Jan. 15, 2025) ("The Court will not . . . order non-party employees or former employees to attend a deposition in the absence of properly issued deposition notices under Rule 30(b)." (citing *Byrd v. Castelpoint Fla. Ins. Co.*, No. 15-634, 2016 WL 1559584, at *2 (M.D. La. Apr. 18, 2016) (citing *Dang*, No. 14-37, 2014 WL 3611324, at *1); *Home Design Servs. Inc. v. Collard Props., LLC*, No. 11-11, 2012 WL 1801946, at *2 (D. Colo. May 17, 2012) (denying motion to compel as premature insofar as it sought an order compelling depositions where no notices of depositions were served))); *Huddleston v. Bowling Green Inn of Pensacola*, 333 F.R.D. 581, 588 (N.D. Fla. 2019).

[7] *Motions & Oral Argument*, The Honorable Donna Phillips Currault, UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA, http://www.laed.uscourts.gov/judges-information/judge/honorable-donna-phillips-currault (last visited November 17, 2025).

[8] *Id.*

[9] *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014) (stating the Rule 37 certification is a prerequisite).

[10] *See, e.g.*, *Greer v. Bramhall*, 77 F. App'x 254, 255 (5th Cir. 2003) (finding the district court did not abuse its discretion in denying motion to compel for failing to follow Rule 37); *D.H. Griffin Wrecking Co., Inc. v. 1031 Canal Dev., L.L.C.*, No. 20-1051, 2020 WL 8265341, at *3 (E.D. La. Apr. 16, 2020) (citing cases).

[11] *See Riverbend Env't Servs., LLC v. Crum & Foster Specialty Ins. Co.*, No. 22-31, 2023 WL 2563228, at *3 (S.D. Miss. Mar. 17, 2023) (finding motion to compel deposition was subject to Rule 37(a)(1)'s certification requirement;

### III. ANALYSIS

Plaintiff's Rule 37 certificate fails to comply with this Court's requirements for motions to compel before it. And while Plaintiff notes his counsel and Defendants' counsel conferred about outstanding discovery at the AFT deposition, there is no discussion of what the parties addressed and resolved. *See* ECF No. 36-3 at 2. Further, Plaintiff apparently did not notice Borrell's deposition until after he filed his Motion to Compel, which renders that motion premature. *See* ECF No. 38-3. And while Plaintiff has now noticed Borrell's deposition, it is not scheduled until November 21, 2025. *Id.* Thus, the motion is premature as Borrell has not yet failed to appear.

With regard to the Motion to Compel directed to the documents requested for AFT's deposition, Plaintiff has informed Chambers that Defendants' production has mooted that issue.

### IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Compel the Deposition of Defendant Dorgelys Manzano Borrell (ECF No. 36) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED Plaintiff's Motion to Compel Requested Documents Under Rule 30(b)([2]) (ECF No. 36) is DENIED AS MOOT.

Dated this \_\_18th\_\_ day of November, 2025.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

*Magnum Exps. V. Harvest King Trading USA*, No. 22-2043, 2022 WL 17190185, at *4 (C.D. Cal. Aug. 31, 2022) (denying requests for sanctions pursuant to Rule 37(a)(5) because plaintiff filed its motions, including motion to compel deposition, before completing a good-faith attempt to meet and confer).