UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES TOUCHET                                            CIVIL ACTION

VERSUS                                                     NO. 24-1020

UNITED SPECIALTY INSURANCE                                 SECTION "R" (2)
COMPANY, ET AL.

## ORDER AND REASONS

Before the Court is a motion from defendants Doreglys Manzano Borrell and Alive Free Transportation to modify the scheduling order.[1] For the following reasons, the Court grants the motion to continue the trial date but denies the motion to reset discovery and expert pretrial deadlines.

Rule 16(b) of the Federal Rules of Civil Procedure provides that "[a] scheduling order may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (cleaned up). Whether to grant or deny a continuance is within the sound discretion of the trial court. *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996). In

---

[1]   R. Doc. 65.

1

deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide, for . . . [it] must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (quoting *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549-50 (5th Cir. 2000) (cleaned up)).

Here, the defendants ask the Court to continue the trial and pretrial deadlines and reset discovery and expert pretrial deadlines. Defendants' counsel withdrew on December 19, 2025, and defendants' new counsel cleared conflicts on January 5, 2026. Defendants assert that they were without counsel during the close of discovery, the expiration of expert deadlines, and related motion practice and thus request a modification of the Scheduling Order to cure the lack of counsel.[2]

Defendants are incorrect. The discovery and disclosure deadline, as well as the *Daubert* motion deadline, was December 9, 2025.[3] Defendants were represented at that time. Further, the dispositive motion deadline was December 16, 2025.[4] Defendants were not only represented at that time; their counsel filed a summary judgment motion. The Court finds that

---

[2] R. Docs. 65, 66.
[3] R. Doc. 25.
[4] R. Doc. 42.

2

defendants have not asserted good cause to reset the discovery and expert pretrial deadlines, as these deadlines could have been met with reasonable diligence.

Given new counsel's recent enrollment, the Court GRANTS the motion to continue the March 2, 2026 trial date. IT IS ORDERED that a scheduling conference will be held BY TELEPHONE on **February 3, 2026 at 10:30 a.m.** for the purpose of re-scheduling a pre-trial conference and trial on the merits and any unexpired deadlines. The Court will be represented at the conference by its Case Manager. Counsel is to dial-in to the conference using telephone number: (833) 990-9400, Access Code: 124518418.

At the scheduling conference, the parties will re-schedule only the deadlines in this Court's scheduling order[5] that have not yet passed. All remaining deadlines that have passed are not reset.

New Orleans, Louisiana, this 16th day of January, 2026.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[5] R. Doc. 25.