UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES TOUCHET                                   CIVIL ACTION

VERSUS                                                    NO. 24-1020

UNITED SPECIALTY INSURANCE             SECTION "R" (2)
COMPANY, ET AL.

## ORDER AND REASONS

Defendants Alive Free Transportation, LLC and Dorgelys Manzano Borrell move for summary judgment.[1] Plaintiff Charles Touchet opposes the motion.[2] For the following reasons, the Court grants the motion.

## I.    BACKGROUND

The record establishes that the undisputed facts are as follows. On May 16, 2023, Dorgelys Borrell was driving a tractor-trailer in the right lane northbound on I-59 in the scope of his employment with Alive Free Transportation, LLC (Alive Free).[3] Behind Borrell, Charles Touchet was driving a sweeper truck in the right lane northbound on I-59 in the scope of his employment for BJs Service Group, Inc. (BJs).[4] Touchet saw Borrell's

---

[1]    R. Doc. 46.
[2]    R. Doc. 55.
[3]    R. Doc. 51-5, at 6.
[4]    *Id.*

tractor-trailer half a mile ahead of him with its hazard lights on.[5]  There were

no vehicles between them.[6]  Touchet looked away, and when he looked back,

he had caught up to Borrell's truck, which had slowed.[7]  Borrell was pulling

to the side of the interstate to check his load of steel pipes, which he believed

had come loose.[8]  Touchet then tried to move into the left lane and clipped

Borrell's tractor-trailer in the process.[9]  Touchet was injured.

Touchet sued Borrell, Alive Free, and United Specialty Insurance

Company.[10]  Touchet sued Borrell for negligence.[11]  Touchet sued Alive Free

for vicarious liability and for independent liability for negligent entrustment,

negligent hiring, negligent training, and negligent failure to provide warning

equipment.[12]  BJs, Touchet's employer, intervened in the lawsuit.[13]  BJs seeks

to recover the full amount of compensation benefits, medical expenses,

vocational expenses, and other expenses BJs has paid Touchet because of the

accident.[14]

---

[5]      R. Doc. 46-2, at 85.
[6]      *Id.* at 83.
[7]      R. Doc. 55-1, at 8.
[8]      R. Doc. 51-7, at 16.
[9]      R. Doc. 55-1, at 10.
[10]     R. Doc. 1.
[11]     R. Doc. 1, at 3.
[12]     *Id.*
[13]     R. Doc. 18.
[14]     *Id.* at 3.

Borrell and Alive Free jointly move for summary judgment for the dismissal of Touchet's and BJs' lawsuits.[15]  Touchet opposed the motion;[16] BJs did not respond.  The Court considers the motion below.

## II.    LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The Court considers the evidence in the record without making credibility determinations or weighing the evidence.  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party.  *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).  If the record could not lead a rational trier of fact to find for the nonmoving party, there is no genuine dispute of material fact.  *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the material in the record capable of being made admissible

---

[15]      R. Doc. 46.
[16]      R. Doc. 51.

is insufficient with respect to an essential element of the nonmoving party's claim. Fed. R. Civ. P. 56(c); s*ee Celotex*, 477 U.S. at 325.  The burden then shifts to the nonmoving party, who must, by submitting or referring to material capable of being made admissible, set out specific facts showing that a genuine dispute exists.  *See Celotex*, 477 U.S. at 324.  The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for resolution.  *See, e.g., id.*

## III.  DISCUSSION

Plaintiff sued all defendants for negligence.  Borrell and Alive Free moved for summary judgment, on the ground that Touchet is presumptively negligent and that this presumption should resolve the case.  Touchet argues in response that the presumption does not apply because he has rebutted the presumption or, in the alternative, because the sudden emergency doctrine bars the presumption from applying.  Separately, Touchet argues that summary judgment is inappropriate here because, even if he were presumptively negligent, that presumption would not bar the application of comparative negligence.  The Court considers these arguments in turn.

### A.  Presumption of Liability

Borrell and Alive Free assert that they are entitled to summary judgment because Touchet as the following motorist is presumed at fault for

the rear-end collision accident and has not overcome that presumption.

Defendants rely on La. Stat. § 32:81, and *Sede v. Bullock,* 734 F. Supp. 3d 524

(E.D. La. 2024), *aff'd* 2025 WL 1735722 (5th Cir. 2025), to support their

contention that Touchet is presumed at fault.  Section 32:81 provides that:

> The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.

In *Sede,* a following motorcyclist crashed into a utility truck when the

utility truck turned right.  734 F. Supp. 3d at 527.  The court found that the

plaintiff, the following motorcyclist, had a duty to refrain from following the

utility truck more closely than was reasonable and prudent.  *Id.* at 529.  The

court found that, as the following motorist, the plaintiff was presumed to

have breached that duty and accordingly that the presumption of liability

applied.  *Id.* at 530.

Touchet indisputably had a duty to refrain from following Borrell's

truck more closely than was reasonable and prudent.  Defendants aver that

the undisputed facts show that Touchet was the following motorist and did

not exercise control of his vehicle, closely observe the vehicle ahead of him,

or follow at a safe distance.[17]  In support, defendants cite to Touchet's

---

[17]     R. Doc. 46-1, at 9.

deposition, which provides the following undisputed facts.  Touchet first saw

Borrell's vehicle half a mile ahead of him in the right lane.[18]  Borrell's truck

had its emergency hazard lights on.[19]   There were no vehicles between

Touchet's sweeper truck and Borrell's truck, nor were there vehicles in the

left lane ahead of Touchet.[20]  Touchet looked away and when he looked back,

he had neared Borrell's truck.[21]  Touchet struck Borrell's truck as Touchet

attempted to move to the left lane.[22]

Considering the deposition testimony, the Court finds that the

presumption of liability resulting from a violation of the duty set forth in La.

Stat. § 32:81 applies.  Touchet was the following vehicle in relation to Borrell.

The Court finds that Touchet, as the "following" driver at all pertinent times

had a duty to refrain from following Mr. Borrell more closely than is

reasonable and prudent, having due regard for the speed of Mr. Borrell's

truck and the traffic upon and condition of the interstate.

As the following motorist in a collision with the rear of a preceding

vehicle, Touchet is presumed to have breached this duty, which resulted in

the collision with the back left corner of Mr. Borrell's truck.  The "risk of a

---

[18]     R. Doc. 46-2, at 9.
[19]     *Id.*
[20]     *Id.* at 10.
[21]     R. Doc. 51-5, at 9.
[22]     *Id.*

rear-end collision (whether the collision occurs in an emergency lane, or in a travelled portion of a roadway) is clearly within the scope of the statutory prohibition against following too close." *Mart v. Hill*, 505 So. 2d 1120, 1123 (La. 1987). Accordingly, the Court finds that defendants have carried their burden in demonstrating that the presumption applies.

**B. Rebutting the Presumption**

The burden shifts to Touchet to demonstrate that a material issue of fact remains as to his liability. First, Touchet argues that there are material questions of fact as to whether he has rebutted the presumption of negligence. Under Louisiana law, a following motorist may rebut the presumption of following-driver negligence by proving that "he had his vehicle under control, closely observed the preceding vehicle, and followed at a safe distance under the circumstances . . . . " *Hooper v. Lopez*, 344 So. 3d 656, 662 (La. App. 1 Cir. 2022).

Touchet has not pointed to any material in the record that rebuts the presumption of liability. The record reflects that Touchet did not closely observe the vehicle in front of him. Touchet himself noted that he looked away from Borrell's truck and did not see Borrell's truck again until he was quite close to it.[23] When a "stalled vehicle should have been seen by a driver

---

[23]     R. Doc. 51-5, at 9.

exercising the proper level of care, he is negligent in not seeing the vehicle and avoiding it." *Douglas v. West*, 65 So. 3d 746, 748 (La. App. 5 Cir. 2011). The undisputed facts also show that Touchet did not follow at a safe distance under the circumstances; if he had, he would not have crashed into Borrell's truck.[24]  Finally, Touchet does not show that Borrell negligently created a hazard Touchet could not reasonably avoid.  Instead, the record shows that there were no vehicles between Touchet and Borrell when Touchet first saw Borrell from a half-mile away, and Touchet could have reasonably moved in to the left lane at that time.[25]  Thus, Touchet fails to rebut the presumption of liability.

### C. Sudden Emergency

Touchet next argues that the sudden emergency doctrine applies, refuting his liability.  In Louisiana, the "sudden emergency" doctrine provides that an individual in a position of imminent peril is not negligent if he "fails to adopt what subsequently and upon reflection may be the better method, unless the emergency is brought about by his own negligence." *Manno v. Gutierrez*, 934 So. 2d 112, 117 (La. App. 1 Cir. 2006).  Under the sudden emergency doctrine, a following motorist "must show that the lead

---

[24]    *Id.*
[25]    *Id.* at 10.

driver negligently created a hazard which could not be reasonably avoided." *Holland v. State Farm Mut. Auto. Ins. Co.*, 973 So. 2d 134, 137 (La. App. 2 Cir. 2007). If so, the following motorist would not be found negligent. *Id.*

Touchet has not met his burden at summary judgment to show that the sudden emergency doctrine applies. For it to apply, Touchet would need to point to material capable of being made admissible that creates question of material fact as to whether Borrell negligently created a hazard that could not be avoided. Fed. R. Civ. P. 56. Touchet has not done so. Plaintiff points to no material that creates a question of fact as to whether the hazard could not have been reasonably avoided.

Indeed, the record shows that no hazard existed that Touchet could not have reasonably avoided. Touchet saw Borrell's truck, with its hazard lights on, from half a mile away, and there were no vehicles in the left lane preventing him from changing lanes.[26] Had Touchet "maintained a proper lookout, he would or should have noticed" the truck in time to avoid the collision. *Spears v. Aguilar*, 436 So. 2d 672, 675 (La. App. 4 Cir. 1983). "Read-end collisions are common occurrences on the roadways of this state, and an abruptly stopped vehicle is not an unanticipated occurrence by any means." *Daigle v. Scioneaux*, 2016 WL 687157, at *7 (La. App. 1 Cir. Feb. 17,

---

[26]    R. Doc. 51-5, at 9-10.

2016).  Had Touchet maintained the proper lookout, he would have seen the slowing vehicle, which is "not an unanticipated occurrence" and therefore avoided the emergency.  *Id.*

The sudden emergency doctrine cannot be invoked by an individual who "has not used due care to avoid" the emergency.  *Dick v. Phillips*, 218 So. 2d 299, 302 (La. 1969).  Accordingly, the Court finds that Touchet has failed to create a genuine dispute of material fact as to whether the sudden emergency doctrine applies.

### D. Comparative Negligence

Finally, Touchet asserts that the doctrine of comparative negligence makes summary judgment inappropriate, because the presumption of Touchet's negligence does not show that Borrell was not also negligent.

Notwithstanding "the presumption of negligence, a favored motorist can still be assessed with comparative fault if his or her substandard conduct contributed to the cause of the accident."  *Eastman v. State Farm Mutual Auto. Ins. Co.*, 384 So. 3d 865, 874 (La. 2024).  After the presumption of negligence has attached, the "ordinary rules of comparative negligence apply and, thus, a plaintiff's damages may be reduced by the degree that he was comparatively at fault."  *Graffia v. Louisiana Farm Bureau Cas. Ins. Co.*, 6 So. 3d 270, 274 (La. App. 1 Cir. 2009).

Touchet asserts that there remain questions of material fact as to whether Borrell was negligent. To establish an action for negligence under Louisiana law, Touchet must prove five elements at trial by a preponderance of the evidence: (1) the defendant had a duty to conform conduct to a specific standard; (2) the defendant's conduct failed to conform to that standard (breach); (3) the defendant's conduct was a cause-in-fact of the injury; (4) the defendant's conduct was a legal cause of the injury; and (5) proof of damages. *Campbell v. Orient-Express Hotels Louisiana, Inc.*, 403 So. 3d 573, 580-81 (La. 2025). At the summary judgment stage, Touchet must identify specific material capable of being made admissible on each contested, essential element and explain how that material defeats the motion. Fed. R. Civ. P. 56(a).

Touchet asserts that Borrell was negligent in three ways: (1) failing to use brake lights or turn signals when slowing down and turning onto the shoulder; (2) traveling below the speed limit; (3) pulling to the side of the interstate to check his load. The Court will consider each alleged negligent act in turn.

### 1. Lights

Touchet presents his deposition as evidence to assert that Borrell used neither his brake lights nor his turn signal in slowing down and moving to

the shoulder of the interstate.[27] Touchet asserts that this alleged omission is a breach of Borrell's duty to drive with due care.  Although the defendant contests the factual premise of this assertion, the Court finds that Touchet's deposition testimony creates an issue of fact as to whether Borrell failed to activate his brake lights or turn signal for the purposes of the summary judgment motion.

But breach is not enough to show negligence. Touchet must also point to a genuine dispute of material fact as to causation.  There can be more than one cause in fact of an accident if each cause "bears a proximate relation to the harm that occurs and is substantial in nature." *Rando v. Anco Insulations Inc.*, 16 So. 3d 1065, 1088 (La. 2009).  Negligent conduct is a substantial factor if "but for defendant's conduct, plaintiff would not have sustained injury." *Id.*

Touchet points to no material capable of being made admissible that Borrell's alleged failure to use his brake lights or turn signal was a but-for cause of the accident.  Touchet said in his deposition that he looked away from Borrell's vehicle and was close behind it when he again looked

---

[27]    R. Doc. 51, at 4.

forward.[28]  Turning his head away would have prevented his seeing the brake lights or turn signal.

Further, Borrell had activated his four emergency hazard lights, as Touchet admitted in his deposition.[29]  The four emergency lights activated on Borrell's truck drew "attention to the danger before it was otherwise apparent." *McCrory v. Rochester*, 398 So. 2d 1115, 1116 (La. 1981).  The law "charges the driver with having seen what he should have seen and subsequent events are judged as though he did see what he should have seen." *Stephens v. Fuller*, 907 So. 2d 917, 920 (La. App. 2 Cir. 2005).  Touchet could have reduced his speed when he saw the truck in front of him with active hazard lights.  *See McCrory v. Rochester*, 398 So. 2d 1115, 1117 (La. 1981).

Touchet points to nothing in the record suggesting that the addition of the turn signal or the brake lights would have prevented the accident and that therefore their alleged absence was a but-for cause of the accident.  Here, the alleged failure to use brake lights or turn signals is not a substantial factor in the accident.  Touchet has not created a genuine issue of material fact as

---

[28]     R. Doc. 51-5, at 9.
[29]     R. Doc. 46-2, at 85; R. Doc. 46-3, at 9.

to whether the alleged failure to use brake lights and a turn signal was a cause of the accident.

### 2. Minimum Speed

Next, Touchet asserts that Borrell's failure to drive above the minimum speed on the highway was a breach of duty.  The statute requiring compliance with the minimum speed provides that except "when a special hazard exists that requires lower speed . . . no person shall operate or drive a motor vehicle upon the highways of this state at such a low speed as to impede the normal and reasonable movement of traffic."  La. Stat. § 32:64.

Touchet fails to show that Borrell breached this duty.  Touchet points to no specific minimum speed under which Borrell was allegedly driving that is applicable to the relevant section of I-59.  Additionally, Borrell's slowing of his vehicle did not impede the normal and reasonable movement of traffic.  It is undisputed vehicles could pass Borrell in the left lane.[30]  Further, Borrell perceived that a special hazard existed that required a lower speed.  Borrell, in his deposition, remarked that he "noticed a problem with [his] load," and then decided to slow down and began to look for a safe place to pull over to check his load.[31]  Here, the possibility of the loose load of steel pipes was a

---

[30]     *Id.* at 10.
[31]     R. Doc. 46-3, at 8-9.

"special hazard" that required Borrell to slow down.  Touchet points to no material capable of being made admissible that disputes that Borrell believed there was a problem with his load, which amounted to a special hazard. There is no genuine dispute of material fact as to whether Borrell's driving below the minimum speed in response to that hazard was a breach of duty.

### 3. Use of Shoulder

Finally, Touchet asserts that Borrell's "attempting to pull over" to the shoulder was a breach of Borrell's duty of reasonable care.  Touchet points to no statute or case law creating a duty not to pull over to the shoulder when faced with a perceived emergency.  Louisiana law prohibits stopping or standing on the shoulder unless "made necessary by an emergency." La. Rev. Stat. § 32:296.  In Louisiana, pulling over to the shoulder is not negligence if the driver faces a "perceived or apparent danger." *Durrett v. State*, 416 So. 2d 562, 568 (La. App. 1 Cir. 1982); *accord Robertson v. Handy*, 354 So. 2d 626 (La. App. 1 Cir. 1977).  Pulling over to the shoulder to check on what Borrell perceived to be loose steel pipes was thus not negligent, even given the "high standard of care" applied to professional truck drivers. *See Davis v. Witt*, 851 So. 2d 1119, 1129 (La. 2003).  Touchet points to no material capable of being made admissible that creates a factual issue as to whether Borrell perceived there was an emergency with his load.  There is no genuine

15

dispute of material fact as to whether Borrell's decision to pull over to the shoulder was a breach of his duty.

*****

Touchet is presumptively liable for the accident.  Touchet has not rebutted the presumption of his liability, either through the criteria for rebuttal or the criteria for the application of the sudden emergency doctrine. Further, Touchet has not pointed to material capable of being made admissible that creates a genuine dispute of material fact as to whether Borrell was negligent.  As Touchet has not met this burden as to the essential elements of his negligence claim, Borrell is entitled to judgment as a matter of law.  The Court grants Borrell's motion for summary judgment on Touchet's claims.

### E. Claims Against Alive Free

Defendants also move for summary judgment on plaintiff's claims against Alive Free.  Because the Court has found that plaintiff has raised no genuine issue of material fact as to whether Borrell was negligent, Alive Free does not have vicarious liability.  *See McCoy v. City of Monroe*, 747 So. 2d 1234, 1241 (La. App. 2 Cir. 2012) (finding that if an employee is not liable for his or her actions, "no other entity would have vicarious liability as a result of those actions").

16

Touchet alleges that Alive Free was independently liable for negligence in two ways: (1) negligently failing to train Borrell and (2) negligently hiring Borrell because he does not speak English.   Under Louisiana law, an employer can "only be liable under theories of negligent hiring, supervision, training, and retention, and negligent entrustment if the employee is at fault . . . ." *Martin v. Thomas*, 346 So. 3d 238, 247 (La. 2022).  The Louisiana Supreme Court noted that "'no degree of negligence' on the part of the employer hiring the employee would make the employer liable if the employee did not breach a duty to the plaintiff." *Id.* (nothing that if "no fault is shown on the part of the employee, the inquiry is ended"). As there is no genuine dispute of material fact as to whether Borrell was negligent, Alive Free cannot be held liable for negligent hiring, training, or entrustment as a matter of law. The Court grants Alive Free's motion for summary judgment on Touchet's claims.

### F. BJs Service Group's Claims

BJs Service Group did not respond to the motion for summary judgment.   In the Fifth Circuit, a district court may not grant a "default" summary judgment on the ground that it is unopposed.  *Morgan v. Fed. Express Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015) (collecting cases). Even in the context of unopposed motions for summary judgment, the

movant must still show that there is no genuine issue of material fact, and that it is entitled to summary judgment as a matter of law. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 363 n.3 (5th Cir. 1995). When a motion for summary judgment is unopposed, a court may accept the movant's evidence as undisputed. *Morgan*, 114 F. Supp. 3d at 437. Nevertheless, if the moving party fails to meet its burden, the Court must deny its motion for summary judgment. *Hetzel*, 50 F.3d at 362 n.3.

Here, BJs Service Group's complaint adopted the allegations of Touchet's petition for damages as to the liability of Borrell and Alive Free.[32] As the Court has found Borrell and Alive Free entitled to summary judgment on Touchet's claims, Borrell and Alive Free are entitled to summary judgment on BJs Service Group's adoption of those claims.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Borrell and Alive Free's motion for summary judgment. Touchet's and BJs Service Group's claims against Borrell and Alive Free are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 2nd day of February, 2026.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[32]     R. Doc. 18, at 2.