UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLES TOUCHET                                             CIVIL ACTION

VERSUS                                                      NO. 24-1020

UNITED SPECIALTY INSURANCE                                  SECTION "R" (2)
COMPANY, ET AL.

### ORDER AND REASONS

Before the Court is an unopposed motion from defendants Alive Free Transportation, LLC and Dorgelys Manzano Borrell for an entry of judgment under Fed. R. Civ. P. 58(a) and to certify the Court's order granting summary judgment as final under Fed. R. Civ. P. 54(b).[1] The Court denies the motion.

### I.  BACKGROUND

On May 16, 2023, Dorgelys Borrell was driving a tractor-trailer in the right lane northbound on I-59 in the scope of his employment with Alive Free Transportation, LLC (Alive Free).[2] Behind Borrell, Charles Touchet was driving a sweeper truck in the right lane northbound on I-59 in the scope of his employment for BJs Service Group, Inc. (BJs).[3] Touchet saw Borrell's tractor-trailer half a mile ahead of him with its hazard lights on.[4] There were

---

[1]  R. Doc. 83.
[2]  R. Doc. 51-5, at 6.
[3]  *Id.*
[4]  R. Doc. 46-2, at 85.

1

no vehicles between them.[5]  Touchet looked away, and when he looked back, he had caught up to Borrell's truck, which had slowed.[6]  Borrell was pulling to the side of the interstate to check his load of steel pipes, which he believed had come loose.[7]  Touchet then tried to move into the left lane and clipped Borrell's tractor-trailer in the process.[8]  Touchet was injured.

Touchet sued Borrell, Alive Free, and United Specialty Insurance Company.[9]  Borrell and Alive Free jointly moved for summary judgment for the dismissal of Touchet's lawsuit.[10]  The Court granted the motion for summary judgment.  Borrell and Alive Free now seek a certification of the Court's order granting summary judgment as final under Fed. R. Civ. P. 54(b).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) permits the Court to direct entry of a "final judgment as to one or more, but fewer than all, claims or parties if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b); *see also Williams v. Seidenbach*, 958 F.3d 341, 347 (5th Cir.

---

| | |
|---|---|
| 5 | *Id.* at 83. |
| 6 | R. Doc. 55-1, at 8. |
| 7 | R. Doc. 51-7, at 16. |
| 8 | R. Doc. 55-1, at 10. |
| 9 | R. Doc. 1. |
| 10 | R. Doc. 46. |

2020). "One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals." *PYCA Indus. v. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996). Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid "hardship or injustice through delay," and "should not be entered routinely as a courtesy to counsel." *Id.*

The first inquiry the Court must make is whether it is dealing with a "final judgment." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980). It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* Next, the Court must determine if there is any "just reason for delay," a determination that is within the sound discretion of the district court. *See Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir. 1992). In making this determination, the district court must weigh "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)). A major factor the district court should consider is whether the appellate court

"would have to decide the same issues more than once even if there were subsequent appeals." *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8).

## III.   DISCUSSION

As to the first requirement for Rule 54(b) certification, the Court finds that the dismissal of all of Touchet's claims against Alive Free and Borrell with prejudice is "an ultimate disposition" of those claims and meets the final-judgment test. *Portillo v. Cunningham*, 872 F.3d 728, 736 (5th Cir. 2017) ("A dismissal with prejudice is an adjudication on the merits.")

As to the second requirement, after weighing the appropriate factors, the Court finds that certification is not appropriate here. Before the Court can certify a judgment for appeal under Rule 54(b), the Court must find that the appropriate factors combine to "outweigh the important concerns that underlie 'the historic federal policy against piecemeal appeals.'" *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 540 (5th Cir. 1999) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8).

Here, the defendant requests a 54(b) certification so that the running of appellate delays may begin.[11] This reason cannot outweigh the concern

---

11   R. Doc. 83-1.

about piecemeal appeals. *See Kirtland v. McDermott & Co.*, 568 F.2d 1166, 1171 (5th Cir. 1978) (noting that "Rule 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel [and] should be used only in the 'infrequent harsh case'") (quoting *Panichella v. Pa. R. Co.*, 252 F.2d 452, 455 (3d Cir. 1958)). Touchet's claims against Borrell and Alive Free are nearly identical to his claims against United Specialty Insurance Company, the lone remaining defendant. Touchet's claims against all three defendants are not separable. The inconvenience and costs of possible piecemeal review in this case thus outweigh the defendant's request for the courtesy of an entry of final judgment.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for entry of a final judgment.

New Orleans, Louisiana, this 19th day of February, 2026.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

5